**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TERRY L. SYPECK,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:12-CV-324

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss. Because Plaintiff Terry Sypeck properly states a claim for breach of contract but fails to state a claim for statutory bad faith, the motion will be granted in part and denied in part. Further, as amendment would be futile, the bad faith claim will be dismissed with prejudice. Finally, the case will be remanded to Pennsylvania state court because the amount-in-controversy requirement for subject matter jurisdiction is no longer satisfied.

### **I. Background**

The facts as alleged in the complaint are as follows:

On October 29, 2007, Plaintiff Terry Sypeck was driving on State Route 93 in Luzerne County, Pennsylvania. Driving in the opposite direction on State Route 93 was Anthony Merker. Mr. Merker negligently and carelessly made a left turn directly in front of Ms. Sypeck's vehicle, and their two cars collided.

Ms. Sypeck suffered severe and permanent physical injuries from the collision, including a concussion and several contusions. These injuries have required medical care

and treatment, resulting in medical expenses in excess of $24,000 and possible future expenses. Ms. Sypeck also suffered a wage loss in excess of $20,000. Finally, Ms. Sypeck suffers emotional damages, such as anxiety, embarrassment, and a reduced ability to enjoy life.

At the time of the collision, Mr. Merker was insured by Allstate Property and Casualty Insurance Company. Mr. Merker had bodily injury liability up to $100,000, an amount that was inadequate to compensate Ms. Sypeck for her injuries. In July of 2010, Ms. Sypeck agreed to settle with Allstate for $100,000.

Ms. Sypeck was insured by State Farm, and her coverage included underinsured motorist benefits. She chose this coverage even though she had to pay increased premiums. She fully complied with the terms and conditions of the policy.

Ms. Sypeck pursued an underinsured motorist claim, and provided State Farm with her complete medical file and a record of her economic losses. State Farm offered Ms. Sypeck $5,000 to settle the claim, which was not a reasonable amount based on Ms. Sypeck's damages. State Farm did not objectively and fairly evaluate Ms. Sypeck's claim, nor did it investigate the claim, although it was contractually obligated to do so. It also asserted a defense based on the statute of limitations, which it knew or reasonably should have known was baseless.

Ms. Sypeck filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania on January 25, 2012. State Farm removed the action to the Middle District of Pennsylvania on February 17, 2012.

Ms. Sypeck amended her complaint on March 22, 2012. The amended complaint contains two counts: (1) breach of contract; and (2) bad faith under 42 Pa. Cons. Stat.

§ 8371. Ms. Sypeck seeks compensatory damages.

State Farm filed the instant motion to dismiss on April 5, 2012. The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* A defendant bears the burden of establishing that a plaintiff's

complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

### III. Discussion

**1. Breach of Contract**

State Farm's motion to dismiss the first count of Ms. Sypeck's complaint will be denied because Ms. Sypeck properly states a claim for a breach of contract. Under Pennsylvania law,[1] a plaintiff asserting a breach of contract claim must assert: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269m 1272 (Pa. Super. Ct. 2002) (quoting *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000)). State Farm argues that Ms. Sypeck's breach of contract claim contains only conclusory allegations and improperly includes allegations of bad faith. But Ms. Sypeck alleges that she entered into an insurance contract with State Farm whereby she would pay premiums and State Farm would provide underinsured motorist coverage. She also states that State Farm was contractually obligated to investigate her claim, and its failure to do so resulted in her suffering financial and other losses. These are facts that support her conclusory allegations about a breach of contract, and it is clear that the claim addresses only the breach of the agreement and not bad faith. Therefore, the claim will not be dismissed.

---

[1] Because the Court has jurisdiction based on the diversity of the parties, state law applies to the substantive issues in the case. *See Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties agree that Pennsylvania law applies here.

**2. Statutory Bad Faith**

State Farm's motion to dismiss Ms. Sypeck's claim under Pennsylvania's bad faith statute will be granted. Pennsylvania law allows an insured party to receive damages and other relief if the insurer acted in bad faith toward the insured party. 42 Pa. C.S.A. § 8371. Generally, to prevail on a bad faith claim, a plaintiff must establish that: "1) the insurer did not have a reasonable basis for denying coverage and 2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage." *Post v. St. Paul Travelers Ins. Co.*, 609 F. Supp. 2d 382, 385 (E.D. Pa. 2009) (citing *Greene v. United Servs. Auto. Ass'n*, 936 A.3d 1178, 1189 (Pa. Super. 2007)). A plaintiff may also successfully make a claim for a bad faith in an insurer's investigative practices, *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.3d 901, 906 (Pa. Super. 1999), such as a "lack of a good faith investigation into facts, and failure to communicate with the claimant," *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. 1994) (citing 3 Appleman, *Insurance Law & Practice* § 1612 (1967 & Supp. 1991)). Evidence of the insurer's "self-interest or ill will" is not required, but is probative of the second prong of the test. *Greene*, 936 A.2d at 1191. However, "mere negligence or bad judgment is not bad faith." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.3d 680, 688 (Pa. Super. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). Bad faith must be established by clear and convincing evidence. *O'Donnell*, 743 A.2d at 906.

Ms. Sypeck fails to properly state a bad faith claim. She supports her claim almost entirely with conclusory allegations using boilerplate language. *See* Compl. ¶ 30 (accusing State Farm of "A. failing to objectively and fairly evaluate Plaintiff's claim; B. Failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim; C. Not attempting in

5

good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become reasonably clear," and six other similar allegations). These types of allegations do not state a claim for bad faith. *See, e.g.*, *Bremme v. State Farm Mut. Ins. Co.*, No. 11-2864, slip. op. at 4 (E.D. Pa. Sept. 29, 2011); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F.Supp. 591, 599-600 (E.D. Pa. 2010). Ms. Sypeck argues that she has presented specific factual evidence of her extensive injuries, and State Farm's offer of $5,000 was facially unreasonable. But even if the offer was facially unreasonable, that does not prove that State Farm acted in bad faith–rather, it might have negligently failed to investigate and evaluate, leading to an unreasonable settlement offer. The same flaw exists in Ms. Sypeck's argument that she has alleged bad faith by stating that State Farm "knew or should have known" that its statute of limitations defense was meritless. First, "knew or should have known" offers the possibility of negligence, so cannot establish bad faith under the Pennsylvania law. Further, the allegation is conclusory and must be supported by facts explaining how State Farm knew the defense had no basis but asserted it anyway. Because Ms. Sypeck has failed to meet the pleading standards required under *Iqbal* and *Twombly*, her bad faith claim must be dismissed.

**C. Leave to Amend**

Ms. Sypeck will not be granted leave to amend. Although leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), denying leave to amend is appropriate where amendment would be futile, *see, e.g.*, *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Ms. Sypeck has already amended her complaint once. Thirteen days prior to that amendment, State Farm filed a motion to dismiss in which it made the same arguments it makes in the instant motion to dismiss. Thus, Ms. Sypeck was on notice

6

of the deficiencies in her complaint when she filed her amended complaint. Despite this awareness, Ms. Sypeck's amended complaint is nearly identical to her first complaint. This suggests that Ms. Sypeck is unable to properly assert factual allegations that would allow her to state a claim for bad faith. For this reason, granting leave to amend would be futile, so the bad faith claim will be dismissed with prejudice.

**C. Remand**

State Farm removed this case from state to federal court pursuant to 28 U.S.C. § 1446. Removal is proper only when the court has jurisdiction under 28 U.S.C. § 1332. Under § 1332, the plaintiff's demand must exceed $75,000. If at any point the court determines that it lacks subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447.

This matter will be remanded to state court because, after dismissing the bad faith claim, the amount-in-controversy requirement is not satisfied. "A district court's determination as to the amount of controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Steel Valley Auth. v. Union Switch Div.* 809 F.2d 1006, 1010 (3d Cir. 1987)). The amount must be measured not "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.* 989 F.2d 142, 146 (3d Cir. 1993). Here, looking only at the remaining breach of contract claim, Ms. Sypeck alleges damages "in an amount in excess of Fifty Thousand Dollars ($50,000), together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and other such relief." However, Pennsylvania law does not allow a plaintiff to recover punitive damages on a breach of contract claim, *DiGregorio v. Keystone Health*

*Plan E.*, 840 A.2d 361, 370 (Pa. Super. Ct. 2003) (citing *Thorsen v. Iron & Glass Bank*, 476 A.2d 928 (Pa. Super. Ct. 1984)), nor does it allow awards of attorneys fees in suits for ordinary breach of contract,[2] *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009). Without punitive damages, attorneys fees, and costs, Ms. Sypeck only seeks compensatory damages. A reasonable reading of her allegations of $24,000 in medical expenses and $20,000 in lost wages suggests that she does not meet the amount-in-controversy requirement. Because any doubts as to the amount in controversy must be resolved in favor of remand, *see Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), this matter will be remanded to Pennsylvania state court pursuant to 42 U.S.C. § 1447.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss will be granted in part and denied in part. The case will be remanded to the Court of Common Pleas for Luzerne County, Pennsylvania. An appropriate order follows.

| | |
|---|---|
| June 15, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[2] Attorneys fees may be awarded in breach of contract suits where there is express statutory authorization, a clear agreement of the parties, or some other established exception, *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009), but these exceptions do not apply here.